JOSEPH P. HOPKINS *versus* PELEG BENSON, JR. & *al.*

A petition for a review is not an action within the meaning of the Revised Statutes, c. 115, § 56; but the Court has power to award costs for the respondents, in such case, under the provisions of § 88 of the same chapter.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

This was a petition to the District Court for a review of a judgment rendered in that Court, whereby the petitioner was charged as the trustee of one W. Hopkins. The petitioner also prayed for leave to amend his disclosure. After a hearing of the parties on the petition, the District Judge, "ordered that judgment should be rendered, that said Joseph take nothing by his petition, and that the respondents recover their costs for the present term of said Court."

The petitioner filed exceptions.

*Wells* and *May*, for the petitioner, contended that as there was an express authority in the former statute, empowering the Court to grant reviews on petition, St. 1821, c. 57, § 5, " to award the respondent his costs," and an omission of that,

or any corresponding provision in the Revised Statutes on the same subject, c. 123, the Court has now no power to award costs in such case. The subject of costs on application for reviews was not intended to be taken up in any general chapter, for in the next chapter, respecting " actions of review," it is expressly provided, that the party prevailing in the review shall recover his costs. Nor do either of the sections in chapter 115, relating to " Proceedings in Court," extend to a case like this. The first, § 56, relates merely to actions, and not to petitions. Nor could the legislature have intended to include this case in the other provision, § 88. This is wholly unlike the cases mentioned in that section. And besides, as petitions for reviews are of much more frequent occurrence, than those applications mentioned by name, it would not have been brought in under " any like process."

*Emmons*, for the respondents, relied upon the Revised Statute, c. 115, § 88, as giving power to the Courts, in their discretion, to award costs to the respondents. This chapter contains general provisions, relating to classes of cases. This comes within the class mentioned in § 88.

The opinion of the Court was drawn up by

TENNEY J. — The petitioner excepts to the allowance of costs to the respondent, insisting that it is unauthorized by any statute. A petition is not an action within the meaning of the Revised Statutes, 503, c. 115, § 56, which allows costs to the prevailing party in all actions. But in the same chapter, § 88, p. 507 & 8, it is provided, that " on application for a writ of *certiorari, mandamus* or *quo warranto*, on behalf of any private person, or for *any like process*, the Court in their discretion, may allow costs to any person notified, and appearing as a respondent, and issue execution against the applicant." Is a writ of review embraced within the meaning of the words "any like process?" There is not a perfect similitude in the three writs mentioned one to the other; consequently those referred to in this language cannot in every respect be like

them.   Writs of *certiorari, mandamus* and *quo warranto* do not necessarily issue from the same Court.   Some may be to a Court of inferior jurisdiction, and some are against an individual; the form is essentially different and the object sought is dissimilar.   " Like processes" are such, undoubtedly, as have some features in common with all those which are named.   A writ of review, like them, is issued by an order of the Court applied to, after a hearing, upon a petition; a process is made and served upon the other party, and entered in Court; and thereon the parties are heard, and a judgment rendered.   The object in each is to revise and correct or restrain the proceedings of Courts, or individuals, claiming to have therefor legal authority, but which are alleged to be erroneous or defective. If a writ of review is not embraced within the terms used, it is not easy to determine what was intended; and we are not to suppose that the Legislature employed this language for no purpose.

*Exceptions overruled.*